1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHAN ANDERSON, | CASE NO.    1:10-cv-02123-LJO-GBC (PC) |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| v. | |
| DE LA CRUZ, et al., | (ECF No. 1) |
| Defendants. | AMENDED COMPLAINT DUE WITHIN |
| _____ / | THIRTY DAYS |

**SCREENING ORDER**

**I.    PROCEDURAL HISTORY**

Plaintiff Nathan Anderson ("Plaintiff"), an inmate in the custody of the California Department of Corrections and Rehabilitation ("CDCR"), is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on November 15, 2010.  (ECF No. 1.)  No other parties have appeared.

Plaintiff's Complaint is now before this Court for screening.  For the reasons set forth below, the Court finds that Plaintiff has failed to state any cognizable claims.

///

1

1

## II.    SCREENING REQUIREMENTS

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555).   While factual allegations are accepted as true, legal conclusions are not.  Iqbal, 129 S.Ct. at 1949.

## III.    SUMMARY OF COMPLAINT

Plaintiff brings this action for failure to protect and being subjected to cruel and unusual punishment, both in violation of the Eighth Amendment.  Plaintiff names the following individuals as Defendants: Sgt. De La Cruz, C/O Luquin, and C/O Cota.

2

Plaintiff alleges as follows: On August 15, 2010, Plaintiff's life was verbally threatened by his cellmate. Plaintiff told an officer about the threats and requested to change cells. Plaintiff was taken to a holding cage where he was interviewed by Defendant De La Cruz. Defendant De La Cruz did not agree to a move and placed Plaintiff back in his cell. On August 16, 2010, Plaintiff flagged down Defendant Luquin, who ignored Plaintiff's pleas. Defendant Cota came to the cell to take Plaintiff out for afternoon yard. Cota placed restraints on Plaintiff, but failed to cuff-up Plaintiff's cellmate. Plaintiff was struck on his left ear causing it to bleed.

After the attack, Plaintiff was approached by Defendant Cota. Defendant Cota wanted Plaintiff to say that the cellmate had attacked Plaintiff with his head, instead of that Cota had failed to put cuffs on cellmate and he then used his fists to attack Plaintiff.

Plaintiff seeks compensatory and punitive damages.

## IV.   ANALYSIS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted).

Plaintiff alleges that Defendants De La Cruz, Luquin, and Cota failed to protect him from his cellmate in violation of the Eighth Amendment.

3

"[A] prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Farmer v. Brennan, 511 U.S. 825, 847 (1994). "'[P]rison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners.'" Id. at 833 (quoting Cortes-Quinones v. Jimenez-Nettleship, 842 F.2d 556, 558 (1st Cir. 1988)). "It is not, however, every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials responsible for the victim's safety." Farmer, 511 U.S. at 834. A violation of the Eighth Amendment is only found when both the objective and subjective components are met. See id. First, "the deprivation alleged must be, objectively, sufficiently serious . . .; a prison official's act or omission must result in the denial of 'the minimal civilized measures of life's necessities.'" Id. (citations and quotations omitted). In a failure to protect claim, the prisoner must show that "he is incarcerated under conditions posing a substantial risk of serious harm." Id. (citations omitted).

Second, the inmate must satisfy the subjective element; the prison official must have acted with deliberate indifference. Farmer, 511 U.S. at 834. This means that the prison official must "know of and disregard an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837. "Mere negligence is not sufficient to establish liability." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). Prison officials may avoid liability by: (1) proving they were unaware of the risk, or (2) proving they "responded reasonably to the risk, even if the harm ultimately was not averted." Farmer, 511 U.S. at 844–45.

4

Plaintiff fails to allege sufficient facts to sustain a claim of failure to protect against any of the listed Defendants.  Plaintiff states that Defendants De La Cruz and Luquin ignored his pleas to move cells because he felt threatened by his cellmate.  As to these Defendants, Plaintiff fails to meet both prongs of the standard.  Plaintiff has not alleged a sufficiently serious deprivation.  Plaintiff's cellmate was making verbal threats like "I wish you were dead" and "If I had a gun, I would shoot you right now."  (ECF No. 1, p. 4.)  As currently stated, the threats made by the cellmate do not appear to pose a substantial risk of serious harm to Plaintiff nor demonstrate that the harm was objectively, sufficiently serious.  Furthermore, the injury suffered by Plaintiff appears to be minor.  Plaintiff states that the punch made his ear bleed, but he does not describe the injury in detail.

As to Defendant Cota, Plaintiff does not state that Defendant Cota was aware of the threats made by Plaintiff's cellmate.  Plaintiff stated that he told both Defendant De La Cruz and Defendant Luquin, but he does not state that he informed Defendant Cota of the threats against him.  Thus, Defendant Cota cannot be held liable when he did not have the requisite knowledge.

The Court will grant Plaintiff leave to amend this claim and attempt to set forth sufficient facts to state such a claim.

## V.    CONCLUSION AND ORDER

The Court finds that Plaintiff's Complaint fails to state any Section 1983 claims upon which relief may be granted.  The Court will provide Plaintiff time to file an amended complaint to address the potentially correctable deficiencies noted above.  See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  In his Amended Complaint, Plaintiff must demonstrate that the alleged incident or incidents resulted in a deprivation of his

constitutional rights. Iqbal, 129 S.Ct. at 1948-49. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). Plaintiff must also demonstrate that each defendant personally participated in the deprivation of his rights. Jones, 297 F.3d at 934.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new defendants or claims. Plaintiff should focus the amended complaint on claims and defendants relating solely to the issues discussed herein.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is HEREBY ORDERED that:

1.   Plaintiff's Complaint is dismissed for failure to state a claim, with leave to file an amended complaint within thirty (30) days from the date of service of this order;

2.   Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:10-cv-2123-LJO-GBC (PC); and

///

1

    3.     If Plaintiff fails to comply with this order, this action will be dismissed for

2

    failure to state a claim upon which relief may be granted.

3

IT IS SO ORDERED.

4

5

Dated:    June 24, 2011

6

                UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27